UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

                               Case No.     06-10812

v.

                               HONORABLE DENISE PAGE HOOD

**RICHARD E. LOWRY,**

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REHEARING

On July 18, 2006, the Court entered a Judgment by Default against Plaintiff for failing to appear to defend the action after having been served with process.  On August 7, 2006, Defendant filed a Motion for Reconsideration of the Court's Default Judgment.  The Court considers the post-judgment motions under Rule 59(e) of the Rules of Civil Procedure since a Judgment has been entered in this matter and, also under E.D. Mich. LR 7.1 governing Motions for Reconsideration.

A motion filed after a judgment has been entered is correctly considered as either a motion for new trial or motion to alter or amend judgment under Fed.R.Civ.P. 59.  *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998).  Rule 59(e) allows a party to file a Motion to Alter or Amend Judgment within a ten day time period of the entry of the Judgment.  The ten day time period cannot be extended by the district court if the motion is filed after a judgment has been entered.  Fed.R.Civ.P. 6(b); *Peake v. First National Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983).  The ten day time limit is jurisdictional and may not be altered or waived.  *Feathers,* 141 F.3d at 268.  A Rule 59 motion filed outside the

mandatory ten day window is of no effect. *Id.*

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). Local Rule 7.1(g) further states:

> (3) **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

Plaintiff brought the present action to collect a delinquent loan debt. Defendant was served with the Summons and Complaint on June 22, 2006, at Deerfield Correctional Facility in Ionia, Michigan. Plaintiff did not filed an Answer within the required twenty day time period. Defendant asserts that reconsideration of the Court's entry of Judgment by Default is appropriate because he responded in a document dated June 29, 2006, which was mailed from Deerfield Correctional Facility on July 3, 2006. (Mot. for Reconsideration at 1, Ex. 1).

Despite Defendant's assertions, Defendant failed to file an Answer or other responsive pleading. Aside from the "Disbursement Authorization (Expedited Legal Mail - Prisoner)" form with a note stating, "Response/Complaint" attached as Exhibit 1 to Defendant's Motion for Reconsideration, there is no record on the Court's docket of an Answer or other responsive pleading from Defendant. Moreover, Defendant's Motion for Reconsideration of the Court's Default Judgment was not timely filed either under Rule 59 or the Local Rules. The Court does

not have jurisdiction to consider Petitioner's Motion.

Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration of the Court's Default Judgment **[Docket No. 11, filed August 7, 2006]** is DENIED.

                                                  */s/ DENISE PAGE HOOD*
                                                  DENISE PAGE HOOD
                                                  United States District Judge

DATED: November 27, 2006

       I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2006, by electronic and/or ordinary mail.

                                                  S/William F. Lewis
                                                  Case Manager